# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1285V
UNPUBLISHED

| | |
|---|---|
| BRENDA TATRO,<br>*Trustee of the Sally J. Silver*<br>*Revocable Trust*<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: September 28, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Christine M. Smith, Law Office of Christine M. Smith, Manchester, NH, for Petitioner.*

*Laurie Wiesner, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On August 27, 2019, Sally J. Silver[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Ms. Silver alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") after an influenza ("flu") vaccination on September 14, 2017. Petition at ¶1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] On August 27, 2020, Brenda Tatro, as Trustee of the Sally J. Silver Revocable Trust, was substituted as petitioner after Ms. Silver passed away in March of 2020. ECF No. 22.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 27, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "Ms. Silver had no history of pain, inflammation, or dysfunction of her right shoulder prior to vaccination that would explain her signs, symptoms or findings after vaccination; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder where the vaccine was administered; and no other condition or abnormality has been identified to explain Ms. Silver's right shoulder symptoms." *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master